# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 16-1430V
Filed: August 2, 2017
Not for Publication

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
JUDITH WIERSEMA,                                    \*
                                                    \*
            Petitioner,                             \*
                                                    \*     Attorneys' fees and costs decision;
v.                                                  \*     reasonable attorneys' fees and costs
                                                    \*
SECRETARY OF HEALTH                                 \*
AND HUMAN SERVICES,                                 \*
                                                    \*
            Respondent.                             \*
                                                    \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Nancy R. Meyers, Greensboro, NC, for petitioner.
Glenn A. MacLeod, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On October 28, 2016, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2012) alleging that her receipt of influenza vaccine on November 4, 2013 caused her to develop peripheral neuropathy. On May 5, 2017, the undersigned dismissed the case for failure to make a prima facie case of causation in fact.

On July 28, 2017, petitioner filed a motion for attorneys' fees and costs. Petitioner requests attorneys' fees in the amount of $18,377.00 and attorneys' costs in the amount of

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

$1,182.84, for a total request of $19,559.84.   In accordance with General Order #9, petitioner filed a signed statement saying she did not incur any costs related to the prosecution of her claim.

On August 1, 2017, respondent filed a response to petitioner's motion explaining he is satisfied that this case meets the statutory requirements for an award of attorneys' fees and costs under 42 U.S.C. § 300aa-15(e)(1)(A)-(B).   Resp. at 2.   Respondent "respectfully recommends that the [undersigned] exercise her discretion and determine a reasonable award for attorneys' fees and costs."   Id. at 3.   Petitioner filed a reply on the same date saying she "concurs with respondent's recommendation that [the undersigned] exercise her discretion and determine a reasonable award. . . ."   Reply at 1.

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." 42 U.S.C. § 300aa-15(e)(1).   It is not necessary for a petitioner to prevail in the case-in-chief in order to receive a fee award as long as petitioner brought the claim in "good faith and there was a reasonable basis for the claim."   Id.   The special master has "wide discretion in determining the reasonableness" of attorneys' fees and costs.   Perreira v. Sec'y of HHS, 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994); see also Saxton ex rel. Saxton v. Sec'y of HHS, 3 F.3d 1517, 1519 (Fed. Cir. 1993) ("Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications.").

Based on her experience and review of the billing records submitted by petitioner, the undersigned finds petitioner's attorneys' fees and costs request reasonable.   Therefore, the undersigned **GRANTS** petitioner's Motion for Attorneys' Fees and Costs.

Accordingly, the court awards **$19,559.84**, representing attorneys' fees and costs. The award shall be in the form of a check made payable jointly to petitioner and Ward Black Law in the amount of **$19,559.84**.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: August 2, 2017                                                                                       s/ Laura D. Millman
                                                                                                                              Laura D. Millman
                                                                                                                              Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.